To: CLERK OF THE COURT
100 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

DATED: July 18, 2022

FROM: Eric Smith, pro se litigant
#89280-053
P.O. BOX 305
U.S.P LEE COUNTY
JONESVILLE, VA 24263

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 25 2022 ★
LONG ISLAND OFFICE

RE: REPLY TO THE GOVERNMENT'S RESPONSE
TO MY 2255 MOTION

I'm writing to have this "Memorandum" in opposition to the governments response to my 2255 filed immediately on docket Nos. 14-CR-264(JS), & 15-CR-428(JS). Please forward to all the necessary parties in this matter, thank you for your time.

Respectfully Submitted,
Eric Smith, pro se litigant
#89280-053

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ERIC SMITH (USM# 89280-053)

　　　-V-　　　　　　　　　　　　　　　DOCKET NOS. 14-CR-264(S-7)(JS), 15-428(JS)

UNITED STATES OF AMERICA
------------------------------------X

### MEMORANDUM OF FACTS IN-OPPOSITION TO UNITED STATES OF AMERICA RESPONSE TO DEFENDANTS MOTION PURSUANT TO 28 U.S.C SECTION 2255 IN LIGHT OF BORDEN'S RULE AND NEWLY DISCOVERED EVIDENCE

### Preliminary Statement

The defendant was arraigned on May 6, 2016 on a superseding R.I.C.O Indictment, and a seperate indictment for six HOBBS ACT ROBBERIES. Both indictments were consolidated, so the government could show that all of the defendants charges were in furtherence of the enterprise. Showing all of the defendants charges were in aid of racketeering, which would undoubtedly make them "VICAR" charges. According to Supreme Court law that's also retro-active and is legal precedent those kind of charges are no longer crimes of violence nor are they constitutional. The government does not want one of it's key witnesses to testify at a evidentiary hearing because it would show that Mr. Henry's recent affidavit admitting to committing perjury at the defendant's trial is both accurate and true.

### Statement of Facts

1. The defendant could not have received a fair and impartial trial, due to the present unconstitutionality of the charges he was wrongfully convicted of, and the governments unethical conduct to get a conviction against the defendant by any means necessary.

2. The government did not contest "BORDEN v. UNITED STATES" which the defendant is filing this 2255 motion under which is supreme court law.

3. The government's entire case against the defendant was based off of hearsay testimony. By individuals who's sole purpose for testifying was to evade the charges they were facing to receive a lighter sentence, also who's testimony was corroborated by a witness who admits to

committing perjury in a sworn affidavit, that can not be overlooked.

## ARGUMENT

None of the constitutional errors are subject to harmless-error analysis, there are even procedural error's that bring into question the professionalism of the A.U.S.A's that did not even adopt the "PSR" on the record at the defendants sentencing. The jury in the defendants trial were erroneously instructed which created the belief that R.I.CO conspiracy does constitute such a crime of violence which was prejudice to the defendant. The evidence could not possibly be overwhelming Because the evidence was all "hearsay" and all of the defendants 924(c)'s are in futherence of the enterprise making them "VICAR" charges which can not be predicated as crimes of violence. (BORDEN V. UNITED STATES)

- The defendant has shown that the supreme court law or rule apply's to his case and charges in the manner for which he argues. Any violent crime in aid of racheteering being Murder, hobbs act robbery, conspiracy, and any other act in furtherence of the enterprise dealing with possession, brandishing, or discharging a fire-arm in violation of 924(c) is no longer constitutional, nor is it a crime of violence. (SEE SUPPLEMENTAL MEMORANDUM). How could murder in aid of rachetreeing unquestionably satisfy the elements clause and remain a valid predicate crime of violence, if the 924(J) is no longer a crime of violence under retro-active supreme court law, that means murder in aid of racheteering is unconstitutional as well because you can not have murder in aid of rachet-eering without the fire-arm related murder.

- The government claims mr. henry is seeking some form of financial compensation, which is the only reason he's written this affidavit, which could very well be true. But the fact still remains that mr. henry went under oath at a trial and this recent affidavit contradicts what mr. henry testified to at that trial. A evidentiary hearing is definitely warranted to prove whether or not he committed perjury. This is an extraordinary circumstance based on mr. henry's history with sworn and unsworn statements, this affidavit made by mr. henry is precedent over past testimony and statements. (SEE 18 U.S.C SECTION 1621).

- There is a great possibility that the jury would not have convicted the defendant, if the so called driver for a murder did not corroborate the false testimoney of the other witnesses, who stated during their testimony that there

were not present when the murder took place, also stating they shot at Mr. McClenic a time or two in the past before he was murdered. They also stated the defendant told them in a one on one conversation that he allegedly admitted to the murder, "hearsay is not substantive evidence and the government's entire case against the defendant was nothing more the "HEARSAY".

In sum, because the defendant maintained his innocence throughout the proceedings, and mr. henry has shed light on the government's malicious tactics to get a conviction be it for monetary gain or not an evidentiary hearing should be granted by the honorable court in the interest of justice and finding out the truth. Also because the evidence of the defendant's guilt was based solely on the testimony of mr. henry and the other six witnesses who more then likely also gave false testimony. As a result, the court should grant the defendants motion with a hearing.

### CONCLUSION

For the reasons stated above, the motion should be granted in all respects.

DATED: JONESVILLE, VA
JULY 18, 2022

RESPECTFULLY SUBMITTED,
Eric Smith, pro se litigant
#89280-053